1                  UNITED STATES DISTRICT COURT
2                    DISTRICT OF PUERTO RICO

3   HIRAM REYES SIERRA, et al.,

4

5      Plaintiffs,

                             Civil No. 06-1391 (JAF)

6      v.

7   ADMINISTRACION PARA EL SUSTENTO
8   DE MENORES (ASUME), et al.,

9      Defendants.
10

11                    **OPINION AND ORDER**

12      Plaintiffs, Hiram Reyes Sierra ("Reyes"), Luz C. Rosario, and

13   their conjugal partnership, bring this tort action under Puerto

14   Rico law, 31 L.P.R.A. § 5141 (2004) ("Article 1802") and 31

15   L.P.R.A. § 5142 (2004) ("Article 1803"). Defendant Social Security

16   Administration now moves to dismiss under Rule 12(b)(1) of the

17   Federal Rules of Civil Procedure.   <u>Docket Document No. 8-1</u>.

18   Plaintiffs have not opposed the motion.

19                        **I.**

20            **Factual and Procedural History**

21      Plaintiff Reyes receives a monthly check from the Social

22   Security Administration (SSA) for $419.70.   <u>Docket Document 5-3</u>.

23   In January and February 2006, SSA withheld $54.50 from Reyes'

24   checks and sent these amounts to ASUME for Héctor Escribano, whom

25   SSA mistakenly believed to be Reyes' biological son.   <u>Id.</u>

26   Plaintiffs promptly informed both SSA and ASUME of the error and in

Civil No. 06-1391 (JAF)                                              -2-

1    March 2006, SSA effectively terminated the garnishment.   <u>Docket</u>
2    <u>Document 8-2</u>.  Reyes has received the full amount of his monthly
3    checks since that date.  <u>Id.</u>  SSA has not reimbursed Reyes for the
4    $109 withheld from his checks in January and February.

5         Plaintiffs filed a complaint in a local Puerto Rico court on
6    March 15, 2006, requesting a permanent injunction prohibiting SSA
7    from garnishing his future wages and $100,000 in damages.  <u>Docket</u>
8    <u>Document 5-3</u>.  Plaintiffs have not filed an administrative claim
9    with SSA.  <u>Docket Document 8-3</u>.

10        Defendants removed the case to federal court on April 19,
11   2006, citing federal courts' jurisdiction over actions against
12   United States agencies such as SSA.  <u>Docket Document No. 1-1</u>.

13        Defendant SSA filed a motion to dismiss Plaintiffs' complaint
14   on June 6, 2006, arguing that the court has no subject matter
15   jurisdiction over the case because it is moot.  <u>Docket Document</u>
16   <u>No. 8-1</u>.  Defendant also argues that Plaintiffs' complaint must be
17   dismissed because: it is barred by sovereign immunity; it does not
18   name the United States as a defendant; and Plaintiffs failed to
19   exhaust administrative remedies as required by the Federal Tort
20   Claims Act, 28 U.S.C. § 2671 (2006) (FTCA), the federal law that
21   would govern this dispute were it properly pled.  <u>Id.</u>

22                                **II.**

23            **Motion to Dismiss Standard under Rule 12(b)(1)**

1    Under Rule 12(b)(1), a defendant may move to dismiss an action

2    against him for lack of federal subject matter jurisdiction. <u>See</u>

3    Fed. R. Civ. P. 12(b)(1) (1992 & Supp. 2004).  The party asserting

4    jurisdiction has the burden of demonstrating its existence. <u>See</u>

5    <u>Skwira v. United States</u>, 344 F.3d 64, 71 (1st Cir. 2003)(citing

6    <u>Murphy v. United States</u>, 45 F.3d 520, 522 (1st Cir. 1995)).

7    Rule 12(b)(1) is a "large umbrella, overspreading a variety of

8    different types of challenges to subject-matter jurisdiction,"

9    including ripeness, mootness, the existence of a federal question,

10   diversity, and sovereign immunity. <u>Valentin v. Hosp. Bella Vista</u>,

11   254 F.3d 358, 362-63 (1st Cir. 2001).  A moving party may mount a

12   "sufficiency challenge," taking the plaintiff's "jurisdictionally-

13   significant facts as true" and requiring the court to "assess

14   whether the plaintiff has propounded an adequate basis for

15   subject-matter jurisdiction." <u>Id.</u> at 363.  Alternatively, when the

16   jurisdictional facts are distinct from the case's merits, a moving

17   party can bring a "factual challenge," in which case the court

18   addresses "the merits of the jurisdictional claim by resolving the

19   factual disputes between the parties." <u>Id.</u>

20                                    **III.**

21                                   **<u>Analysis</u>**

22   Defendant argues that Plaintiffs' complaint should be

23   dismissed as moot. <u>Docket Document No. 8-1</u>.  Under Article III,

24   Section 2 of the U.S. Constitution, federal courts lack

Civil No. 06-1391 (JAF)                                                -4-

1   jurisdiction to consider the merits of a case or controversy that

2   is not live.  Powell v. McCormack, 395 U.S. 486, 486 (1969).  We

3   agree that Plaintiffs' request for an injunction has become moot as

4   a result of the actions already taken by SSA to correct their

5   error.  This leaves only the question of tort damages requested by

6   Plaintiffs in the amount of $100,000.

7       Plaintiffs' complaint suffers from three fatal flaws: (1) it

8   fails to plead a claim under a federal law that waives sovereign

9   immunity; (2) it does not name the United States as a defendant;

10  and (3) Plaintiffs did not exhaust their administrative remedies

11  with the appropriate federal agency before filing suit.

12      Defendant correctly states that the United States cannot be

13  sued under local law without its consent.  United States v.

14  Mitchell, 463 U.S. 206, 212 (1983).  Failure to plead a federal law

15  waiving the United States' sovereign immunity mandates dismissal.

16  Carter v. Soc. Sec. Field Office, 2004 U.S. Dist. LEXIS 4693 at *6

17  (N.E.D. Ill.) (citing Macklin v. United States, 300 F.3d 814, 819

18  (7th Cir. 2002)).  As Plaintiffs make no allegation of consent in

19  this case, the court could dismiss on the basis of sovereign

20  immunity alone.  However, we are inclined to agree with Defendant's

21  suggestion that the complaint be construed as a tort claim brought

22  under the FTCA, which provides for a waiver of immunity under

23  certain circumstances.  Therefore, we proceed to consider whether

24  Plaintiffs have properly pled an FTCA claim.

Civil No. 06-1391 (JAF)                                           -5-

1      The FTCA provides a waiver of immunity for tort claims that
2   are: (1) against the United States; (2) for money damages; (3) for
3   injury or loss of property; (4) caused by the negligent or wrongful
4   act or omission of any government employee; (5) acting within the
5   scope of his office or employment; (6) "under circumstances where
6   the United States, if a private person, would be liable to the
7   claimant in accordance with the law of the place where the act or
8   omission occurred."  28 U.S.C. § 1346(b).  Plaintiffs' complaint
9   fails to meet the first requirement that it must name the United
10  States and not a particular agency thereof, such as SSA, as
11  defendant.[1]   Docket Document 5-3.   This error constitutes the
12  second possible grounds for dismissal.   FDIC v. Meyer, 510 U.S.
13  471, 476 (1994).

14      Finally, we observe that although Plaintiffs could amend their
15  complaint to name the proper defendant, the FTCA's preliminary
16  requirement that plaintiffs exhaust administrative remedies with
17  the appropriate federal agency before filing suit also precludes
18  recovery in this case.  28 U.S.C. § 2675.  ("An action shall not be
19  instituted. . . against the United States for money damages or loss
20  of property. . . unless the claimant shall have first presented the
21  claim to the appropriate federal agency and his claim shall have

---

[1]The fact that we have singled out one element of an FTCA claim that Plaintiffs have not satisfied should not be construed to mean that we believe that Plaintiffs have properly pleaded the other necessary elements.

Civil No. 06-1391 (JAF)                                        -6-

been finally denied by the agency"); <u>see also</u> <u>Kokaras v. United</u>
<u>States</u>, 980 F.2d 20, 22 (1st Cir. 1992) <u>Corte-Real v. United States</u>,
949 F.2d 484,  485 (1st Cir. 1991).

**IV.**

**<u>Conclusion</u>**

In accordance with the foregoing, we **GRANT** Defendant's motion
to dismiss Plaintiff's complaint in its entirety for lack of
subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1).

After dismissing the claim against the federal defendant, no
independent grounds for federal jurisdiction remain in this case.
We, therefore, **REMAND** that part of the complaint against ASUME and
Departamento de la Familia to the Puerto Rico Court of First
Instance, Superior Court, Caguas, Puerto Rico, as Civil EPE-2006-
0126 (611).

Case closed by judgment of dismissal as to SSA and by remand
as to the remaining defendants.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 27th day of September, 2006.

                         S/José Antonio Fusté
                         JOSE ANTONIO FUSTE
                         Chief U.S. District Judge